IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANTIAGO ABREU,

    Plaintiff,

v.

PEREGRINE RESTAURANT GROUP, LLC,

    Defendant.

Case No. 1:16−cv−00517−RJJ−PJG

Hon. Robert J. Jonker

## CONSENT JUDGMENT

WHEREAS, Plaintiff filed the above-styled action against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12182, et seq. ("ADA"), pursuant to which Plaintiff seeks injunctive relief and attorneys' and expert's fees, expenses and costs;

WHEREAS, the property that is the subject of the litigation is located at 214 E Michigan Ave, Kalamazoo, MI 49007 ("Premises");

WHEREAS, the Complaint alleges three sets of ADA violations with respect to the Premises, pertaining to the height of the bar in the bar area, the restrooms and the entranceway;

WHEREAS, the Defendant has filed an Answer denying liability and asserting various affirmative defenses;

WHEREAS, the Parties, without any admission of liability, have agreed to a settlement of the above-styled action as more particularly set forth in this Consent Judgment; and the Parties desire to avoid further expense, time, effort and uncertainty in regard to the above-styled action;

IT IS HEREBY Ordered and Adjudged as follows:

1. <u>Modifications</u>.  To the extent that Defendant has not already done so, Defendant will within the next six months ("Modification Period") correct the violations alleged in the Complaint as follows:

    a. <u>Bar area</u>.  The bar area is in compliance with the 1994 ADA Standards inasmuch as service is available at accessible tables within the same area.  Defendant's staff will make every reasonable effort to serve customers sitting at such tables so that it will not be necessary for such customers to approach the bar for service.  Any renovations to the bar itself will require compliance with the 2010 ADA Standards.

    b. <u>Restrooms</u>.  Defendant will make modifications based on allegations in the complaint to bring the Premises into compliance with the 2010 ADA Standards.

    c. <u>Entranceway</u>:  Correcting violations at the entrance is not readily achievable, as that term is defined by the ADA. Defendant has installed an automatic door opener, and will make every reasonable effort to keep such opener in proper working condition during business hours.  Any renovations to the entranceway itself will require compliance with the 2010 ADA Standards.

2. <u>Relief from Judgment</u>.  If at any point, Defendant determines that the mandates of paragraph 1 are unfeasible or unduly burdensome, Defendant shall provide written notice of the same to Plaintiff's counsel George Blackmore, at his email address of george@cnalawgroup.com.   In the event that the parties are unable to reach agreement, Defendant shall have the right to petition the Court for relief from this Judgment.

3. <u>Inspection.</u>   After the expiration of the Modification Period as outlined above, Plaintiff's Expert will have fifteen (15) days to request an inspection of the Premises for purposes of determining whether Defendant has complied with the mandates of this Consent

Judgment.  Such request shall be made in writing to Defendant's counsel, Joseph J. Vogan, Esq. at his email address of jjvogan@varnumlaw.com.  In the event that such request is made, Defendant will allow Plaintiff's Expert to inspect the Premises at a mutually agreeable time and date not more than thirty (30) days after the request has been made.  In the event Plaintiff's Expert determines that Defendant has not complied with the mandates of this Consent Judgment, Plaintiff's Expert will provide Notice of non-compliance in writing to Defendant's counsel, Joseph J. Vogan, Esq. at his email address of jjvogan@varnumlaw.com giving Defendant an additional thirty (30) days to cure, subject to a re-inspection.  In the event that Plaintiff's Expert determines that Defendant still is not in compliance, Plaintiff will have the right to petition the Court for appropriate relief in accordance with the terms of this Consent Judgment.   Plaintiff will be responsible for any Expert Witness costs or fees incurred in connection with this paragraph.

    4.    <u>Finality.</u>    This Consent Judgment resolves all claims and defenses between the parties that were actually joined or that could have been joined, and operates as Final Judgment terminating the case.

    5.    <u>Jurisdiction</u>.    This Court retains jurisdiction to enforce the terms of this Consent Judgment.

Dated:   August 30, 2016           /s/ Robert J. Jonker
10812508.2                                Honorable Robert J. Jonker
                                          Chief United States District Judge